# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| RANDALL S. MOYES, | CASE NO. 1:10-mc-00021-SKO |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO QUASH; DENYING PETITIONER'S MOTION TO STRIKE; AND GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. _____/ | Docket Nos. 7, 8 |

## I. INTRODUCTION

**A.    Procedural Background**

Randall Moyes ("Moyes" or "Petitioner") filed this action on April 23, 2010, seeking to quash a third-party summons issued by the Internal Revenue Service ("IRS"). On June 25, 2010, Respondent, United States of America, filed a "Motion to Dismiss"[1] on behalf of the IRS opposing Moyes' motion to quash, asserting that Moyes failed to carry his burden of showing that the IRS was acting in bad faith by issuing the third-party summons. Moyes filed a Motion to

---

[1] This motion also serves as a responsive pleading opposing Moyes' petition to quash the IRS's third-party administrative summons to Union Bank.

1

Strike portions of Respondent's opposition to his petition. It is Moyes' motions to quash the administrative summons and to strike portions of Respondent's opposition that are currently pending before the Court.[2]

**B.     Factual Background**

Moyes alleges that the IRS has improperly issued a third-party summons for information and records pertaining to his Union Bank account.

According to Respondent, the IRS has been conducting an investigation to determine Moyes' federal income tax liabilities for the 2002 through 2008 tax years. Respondent is informed and believes that Moyes is allocating taxable income to a Roth IRA and is not reporting income on any personal federal income tax returns.

On November 20, 2008, as part of the IRS's investigation, Revenue Agent Barfels ("Barfels") mailed Moyes a notice that the IRS would be contacting third parties regarding the investigation. On May 8, 2009, Barfels served an administrative summons on the First Regional Bank of Carlsbad. The bank provided copies of documents showing that Moyes has a bank account at Union Bank in Vallejo, California. On April 7, 2010, Barfels served an administrative summons on Union Bank to examine Moyes' account transactions. On that same day, Barfels sent Moyes notice of issuance of the summons to Union Bank.

Moyes moves to quash the third-party summons issued to Union Bank. Moyes argues that the IRS has no jurisdiction over him because it is not a valid federal agency created by positive law. Moyes further avers that the IRS violated 26 U.S.C. § 7602 by failing to send notice of summons to him prior to sending the summons to the third party. Moyes maintains that his right to privacy would be violated if his personal financial information were released, and he argues that disclosure of his Union Bank records would violate his Fourth, Fifth, and Fourteenth Amendment rights.

---

[2] This case is assigned to Magistrate Judge Sheila K. Oberto as the presiding judge pursuant to Local Rule 302(c)(9)-(10).

## II. DISCUSSION

### A. Legal Standard

The district court has jurisdiction to hear and decide a motion to quash a summons issued to a third-party record keeper. 26 U.S.C. §§ 7609(b)(2), 7609(h)(1); *see Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), *cert. denied*, 492 U.S. 906 (1989). In any proceeding to quash a summons, the government may seek to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A). In order to establish a prima facie case for enforcement of a summons, the government must "make a 'minimal' showing that it issued the summons for a legitimate purpose, and that the information sought in the summons was relevant to that purpose." *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990). "Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case." *Liberty Fin. Servs.*, 778 F.2d at 1392. Once the prima facie burden for enforcement of the summons has been met, a "heavy" burden then shifts to the taxpayer to show that the government is acting in good faith. *Id.*

### B. Analysis

#### 1. Petitioner's Motion to Strike Portions of Respondent's Motion to Dismiss Is Denied

In response to Respondent's opposition to the petition, Moyes filed a Motion to Strike portions of Respondent's brief. Moyes disputes Respondent's statements that he failed to file personal income tax returns. Moyes further maintains that these allegations are based on the Declaration of Barfels ("Barfels Decl."), which Moyes asserts was improperly submitted without a signature and must also be stricken.

Barfels' declaration was filed electronically with the Court and contains his electronic signature. Apparently, the copy of the declaration with which Moyes was originally served did not contain Barfels' signature. Declaration of Kaycee M. Sullivan ("Sullivan Decl.") at 1:25-2:5. Respondent was unaware of this mistake, and when it was brought to counsel for Respondent's attention, she immediately mailed a signed copy of Barfels' declaration to Moyes. *Id.* 2:6-12. The Court finds that, because the copy filed with the Court contained the appropriate electronic

signature and Respondent's counsel has served a copy of the signed declaration on Moyes, his motion to strike Barfels' declaration is moot.[3]  Moreover, despite Respondent's oversight, Petitioner's case will not be prejudiced by this harmless error.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (showing of prejudice requires demonstration that alleged violation will affect outcome of proceedings); *see also Neri v. Hornbeak*, 550 F. Supp. 2d 1143, 1172 (C.D. Cal. 2008) (counsel's filing of unsigned declaration deficient but not prejudicial).

Moyes further requests that the statement in Respondent's opposition brief that Moyes has not paid his personal income taxes be stricken.  This is a statement of Respondent's position in this case.  It is a disputed issue of fact between the parties and is not deemed established simply by its inclusion in Respondent's motion.  Although this statement does not preclusively establish any factual matter about Moyes' tax liability that is apparently in dispute between the parties, it does, however, provide an explanation regarding why the IRS issued the summons to Union Bank.  For these reasons, Moyes' motion to strike Respondent's statement is denied.

**2.      The Third-Party Administrative Summons Satisfies the *Powell* Requirements**

The Internal Revenue Code ("Code") authorizes the IRS to make inquiries, determinations, and assessments of all taxes.  26 U.S.C. § 6201.  The IRS may examine any books, papers, records, or other data which may be relevant or material to its investigations. Id. § 7602(a)(1).  Thus, the IRS may issue a summons to any person having possession, custody, or "care of books of account containing entries relating to the business of the person liable for tax."  Id. § 7602(a)(2).  However, the subject of an IRS investigation may petition to quash a third-party summons pursuant to 26 U.S.C. § 7609(b).

To obtain enforcement of a third-party summons, the IRS must establish its good faith in issuing the summons by demonstrating that the summons satisfies the requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1946).  *Powell* requires that the IRS show that the

---

[3]On or about July 16, 2010, Respondent's counsel Kaycee M. Sullivan served Mr. Moyes with an executed copy of Mr. Barfels' declaration because the initial declaration served on Mr. Moyes did not contain a signature, although an electronically signed copy was presented to the Court.  Mr. Moyes refused delivery of this signed declaration and asks that the Court take judicial notice of the copy that Ms. Sullivan sent to him, stating that there is "a tracing overwrite."  The Court detects no fraud and relies upon the sworn assertions of Respondent's counsel in her declaration that a true and correct signed copy of Barfels' declaration was provided to Mr. Moyes.

summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Code. *Fortney v. United States*, 59 F.3d 117, 119-20 (9th Cir. 1995) (citing *Powell*, 379 U.S. at 57-58). The government's burden is a slight one and is typically satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *Fortney*, 59 F.3d at 120; *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). Once the government establishes a prima facie case for enforcement, a heavy burden shifts to the taxpayer to show an abuse of process or the lack of institutional good faith. *Dynavac, Inc.*, 6 F.3d at 1414. To meet this burden, the taxpayer must allege specific facts and evidence to support his allegations. *Liberty Fin. Servs.*, 778 F.2d at 1392.

Here, Respondent has satisfied the *Powell* requirements. First, the third-party summons to Union Bank was issued for a legitimate purpose. The IRS seeks to ascertain Moyes' internal revenue tax liabilities for the tax years 2002-2008 in accordance with 26 U.S.C. § 7602(a). Barfels Decl. 1:24-26. Second, the records summoned are relevant to the purpose of the examination. In order to determine Moyes' federal tax liabilities, the IRS needs to examine bank records of Moyes' account that may establish sources and amounts of income received. Third, the information sought by the summons is not already in the possession of the IRS. *Id.* at 3:15-16. Finally, the fourth *Powell* requirement is satisfied, as all administrative steps were followed in the issuance of the third-party summons. Barfels Decl. 3:17-18. Barfels notified Moyes of the IRS's intent to contact third-parties, served a copy of the administrative summons on Union Bank, and mailed certified copies to Moyes. Barfels Decl. ¶¶ 7-10. Respondent has satisfied the *Powell* requirements and has established a prima facie showing of good faith.

       **3.**     **Moyes Has Not Met His Burden of Establishing an Abuse of Process or Lack of Good Faith on Behalf of the IRS.**

Once the IRS carries its burden of establishing a prima facie case that the summons was issued in good faith, a "heavy" burden falls upon the taxpayer to show an abuse of process or the lack of institutional good faith. *Dynavac, Inc.*, 6 F.3d at 1414. Here, Moyes has failed to

establish an abuse of process or lack of institutional good faith in issuing the summons. Instead, Moyes' motion to quash the subpoena raises several other issues which are addressed below.

### a. The IRS Is a Valid Entity with Authority to Issue a Summons

Moyes argues that the IRS was not created by positive law (i.e., an act of Congress) and that the agency does not have authority to enforce the Code. *See* Petition to Quash (Doc. 1) at 6-9.

Pursuant to 26 U.S.C. § 7801, Congress granted the Secretary of the Treasury full authority to administer and enforce internal revenue laws. Based on this legislative authority, the IRS was created. It has since been recognized that the IRS is authorized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) and for the administration and enforcement of the internal revenue laws. *Donaldson v. United States*, 400 U.S. 517, 534 (1971). Thus, the IRS has been established by positive law because it was created through a congressionally mandated power, and the Commissioner of the IRS has redelegated the granted authority to issue and serve summons to revenue agents. *See United States v. Derr*, 968 F.2d 943, 947 (9th Cir. 1992); *United States v. Hooper*, 76 F.3d 289 (9th Cir. 1995)*; see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Thus, the IRS has exercised its summons power to investigate Moyes' tax liabilities in a valid manner.

### b. Petitioner Received Timely Notice of the IRS's Intent to Contact Third Parties

Moyes contends that the IRS is in violation of the 1998 Restructuring and Reform Act because he did not receive notice of the third-party summons before it was sent to the third party. Mot. to Quash 10:20-11:31.

On November 20, 2008, Respondent mailed a notice to Moyes informing him of the IRS's intention to contact third parties. Barfels Decl. 2:11-14. The IRS then contacted the First Regional Bank of Carlsbad where information was obtained pertaining to Moyes' account with Union Bank in Vallejo, California. On April 7, 2010, Revenue Agent Barfels served an administrative summons on Union Bank and sent notice to Moyes of this summons on the same day.

Moyes maintains that Revenue Agent Barfels was required to "provide reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." 26 U.S.C. § 7602(c)(1).  Moyes argues that he did not receive "advance notice" of the second summons before it was served on Union Bank because the notice he received was sent to him on the same day the summons was issued.

When the IRS issues a third-party summons, it is required to give notice of that specific contact under § 7609.  Under Section 7609, the IRS must provide notice of a specific third-party contact (i.e., Union Bank) "within three days of serving a third-party summons, but no later than twenty-three days before the date on which third party is to appear before the IRS."  Id. § 7609(a)(1).  Notice of specific third-party contact does not necessarily need to occur *prior* to the contact when advance notice has otherwise been provided to the taxpayer pursuant to another statute.  26 C.F.R. § 301.7602-2(d)(2).  In other words, once advance notice is given that third parties will be contacted, additional notice of the particular third-party to be contacted does not necessarily need to occur prior to the contact; notice of the specific third party contact need only be given within three days of serving the third-party summons.  *See* 26 U.S.C. § 7609(a)(1).

Here, Revenue Agent Barfels issued an advance notice of the IRS's intent to contact third parties to Moyes on November 20, 2008.  Moreover, Agent Barfels notified Moyes of the third-party summons issued to Union Bank on April 7, 2010, well within the three-day limit provided under § 7609(a)(1).  Additionally, the April 7, 2009, notice of the summons to Union Bank sent to Moyes included a copy of the summons and information explaining § 7609 and Moyes' right to a proceeding to quash the summons.  Barfels Decl. 3:3-5; Resp't Ex. 4, 5.  Moyes was thus given advance notice of the IRS's intent to contact third parties, and Moyes was given additional timely notice of the IRS's specific intent to contact Union Bank.  Thus, Respondent fulfilled the requirements set forth by §§ 7602 and 7609, and Moyes received proper and timely notice of the summons.

        **c.    Petitioner's Fourth, Fifth, and Fourteenth Amendment Rights Are not Violated by Union Bank's Compliance with the Summons**

Moyes claims that his constitutional rights will be violated if his private information and records are released to the IRS pursuant to the summons. However, when a person communicates information to a third party, even with the understanding that the communication is confidential, he or she cannot object if the third person conveys that information or records to law enforcement authorities. *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743 (1984). The Supreme Court has also held that a customer of a bank cannot, on Fourth Amendment grounds, challenge the admission into evidence of financial records obtained by the government from his or her bank. *Id.*; *see also Donaldson v. United States*, 400 U.S. 517, 522 (1971) (Internal Revenue summons directed to third party does not tread upon any interests protected by Fourth Amendment). Therefore, Moyes does not have a protected Fourth Amendment right that would be violated by Union Bank's compliance with the IRS summons.

Additionally, Moyes' due process rights under the Fifth and Fourteenth Amendments are not violated by the summons. The Fifth Amendment provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." However, the Due Process Clause is not implicated when a federal administrative agency uses its subpoena power to gather evidence against a taxpayer because an administrative investigation adjudicates no legal rights. *Jerry T. O'Brien, Inc.*, 467 U.S. at 742. Further, the Self-Incrimination Clause of the Fifth Amendment does not apply here, as it protects citizens only from compelled self-incrimination. *Id.* The summons in this case does not compel testimony from Moyes; it was served on a third party to prepare and produce certain documents and records. Thus, Moyes is not asked to be a witness against himself. *See id.*; *Fisher v. United States*, 425 U.S. 391, 397 (1976); *Harris v. United States*, 758 F.2d 456, 457 (9th Cir. 1985).

### III.  CONCLUSION

Accordingly, it is HEREBY ORDERED THAT:

1.    Moyes' Petition to Quash the IRS Summons served on Union Bank is DENIED;

    2.    Moyes' Motion to Strike Portions of Respondent's Opposition Brief and the Declaration of Barfels is DENIED; and

    3.    Respondent's Motion to Dismiss is GRANTED.

This action is concluded in its entirety.

IT IS SO ORDERED.

**Dated:   August 30, 2010**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE